IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRIAN CHRISTOPHER ALWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 107-089 |
| | ) | |
| DONALD BARROWS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. One of Petitioner's objections is worthy of discussion, but it does not change the Court's opinion regarding the Magistrate Judge's Report and Recommendation.

The December 16, 2008 Report and Recommendation found Petitioner's claim that he was not guilty of the offense of kidnapping to be procedurally defaulted, (see doc. no. 8, pp. 10-13), and the Court notes that Petitioner does not disagree with this finding. Rather, Petitioner contends in his objections that his procedural default of this claim should be excused because he is actually innocent of the offense of kidnapping. (Doc. no. 10, p. 6). Specifically, Petitioner argues that a "fight that starts in an apartment and continues outside does not amount to kidnapping." (Id.). In support of this argument, Petitioner cites to the Georgia kidnapping statute that requires the element of "abducting or stealing away," which

is sometimes referred to as "asportation." (Id.) (citing O.C.G.A. § 16-5-40). Petitioner also cites to the Georgia Supreme Court decision in Woodson v. State, 544 S.E.2d 431 (Ga. 2001), which held as follows: "To the extent that Harshaw v. State . . . stands for the proposition that shoving the victim without moving her to a different location, or struggling with the victim, is evidence of asportation, it is overruled." Id. at 431 n.1.[1] The Court does not agree that Petitioner's default should be excused based on his claim of actual innocence.

As explained in the Report and Recommendation, the Eleventh Circuit has described the circumstances under which procedural default may be excused based on a claim of actual innocence as follows:

> This exception is exceedingly narrow in scope, as it concerns a petitioner's "actual" innocence rather than his "legal" innocence. See Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03, 140 L. Ed.2d 728 (1998); Murray [v. Carrier], 477 U.S. [478,] 495-96, 106 S. Ct. at 2649 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513

---

[1] The Court notes the recent decision of the Georgia Supreme Court in Garza v. State, 670 S.E.2d (Ga. 2008), which overruled prior case law holding that the "slightest movement" qualified as asportation under the kidnapping statute. In so holding, the Garza Court set forth the following factors for determining whether the movement at issue constitutes asportation: "(1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense." Id. at 78 (citation omitted). As noted previously, Petitioner does not contest that his substantive claim regarding his kidnapping conviction has been procedurally defaulted; rather, he contends that this procedural default should be excused based on his claim of actual innocence. Accordingly, whether Petitioner's argument is considered under Woodson or Garza standard is of no moment, because in either case, his argument amounts to one of legal sufficiency, not one that establishes his actual innocence, and therefore does not excuse Petitioner's procedural default. (See infra pp. 3-4).

U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed.2d 808 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon, 523 U.S. at 559, 118 S. Ct. at 1502-03 (quoting Schlup, 513 U.S. at 324, 115 S.Ct. at 865) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected" (internal quotation marks omitted)).

Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). As explained in Schlup, a claim of actual innocence must be supported by "relevant evidence that was either excluded or unavailable at trial." Schlup, 513 U.S. at 327-28. In addition, such evidence must pertain to the crime itself. Calderon, 523 U.S. at 563 (citing Sawyer v. Whitley, 505 U.S. 333, 348 (1992)). Indeed, courts have rejected claims of actual innocence where such claims were based on new defense theories or impeachment evidence, and not evidence directly relating to the crime for which the defendant was convicted. See Johnson, 256 F.3d. at 1171-72, (finding that the petitioner had not supported his claim of actual innocence by contending that a different defense theory was not presented at trial); Calderon, 523 U.S. at 563 (finding that new impeachment evidence "provides no basis for finding a miscarriage of justice").

Moreover, as noted by the Eleventh Circuit in Johnson, a claim of actual innocence, as the phrase implies, concerns an individual's actual innocence, not his legal innocence. Johnson, 256 F.3d at 1171; see also Correa v. Warden, 244 Fed. App'x 930, 931 (11th Cir. June 28, 2007) (finding that arguments "amount[ing] to legal insufficiency rather than factual innocence" did not establish actual innocence). For example, where a petitioner claims that the government has failed to prove certain facts to a jury, such a claim relates to legal innocence and is not sufficient to support a claim of actual innocence. Nguyen v. Wiley, 151 Fed. App'x 757, 759 (11th Cir. Sept. 15, 2005) (finding that allegations that the government

3

failed to prove facts underlying a sentence enhancement to the jury was a "legal innocence" argument rather than a "factual innocence" one, which failed to establish the defendant's actual innocence).

A somewhat similar case is presented here, where Petitioner is essentially arguing that the government failed to prove that his conduct satisfied the element of asportation. Such a claim amounts to a legal sufficiency argument and does not suffice to establish Petitioner's actual innocence. In addition, Petitioner has failed to present any new evidence that was not presented or unavailable at trial that relates to his factual innocence, much less evidence that pertains to the crime itself. As there is no support for Petitioner's claim of actual innocence, his objection that his procedural default should be excused on this ground is without merit and is **OVERRULED**.[2]

Therefore, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Accordingly, the petition is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 2nd day of March, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[2]The remainder of Petitioner's objections simply re-state the claims made in his § 2254 petition, which the Magistrate Judge recommended be denied because those claims had either been procedurally defaulted or were otherwise without merit. As the Magistrate Judge has already addressed these arguments, Petitioner's remaining objections are likewise without merit and are also **OVERRULED**.

4